

**NUMBER 13-09-00607-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,** Appellant,

**v.**

**SENTHIL KUMAR RAMAMURTHY,** Appellee.

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez, Justices Yañez and Vela
Memorandum Opinion Per Curiam**

This case is before the Court on a joint motion to reverse and render judgment effectuating the agreement of the parties. The parties have reached an agreement with regard to the disposition of the matters currently on appeal. Pursuant to agreement, the parties request this Court to reverse and render judgment effectuating the parties' agreement. *See* TEX. R. APP. P. 42.1(a)(2)(A).

The parties have agreed that the Court should reverse and render judgment on Ramamurthy's petition for expunction by rendering the following order: (1) Ramamurthy is not yet entitled to an expunction of records related to his arrest on or about May 2, 2008 because the statute of limitations on the underlying offense had not expired before the petition for expunction was filed; (2) Under TEX. CODE CRIM. PROC. art. 12.01(6), the statute of limitations for Possession with Intent to Deliver a Controlled Substance is three years from the date of the commission of the offense, which period, in the instant case, will not expire until at least May 2, 2011; and (3) in order to comply with TEX. CODE CRIM. PROC. art 55.01(a)(2)(A)(i), Ramamurthy must wait until the statute of limitations has expired before he files a petition for expunction of records related to the instant arrest.

We REVERSE the judgment, RENDER judgment effectuating the parties' agreement as follows: (1) Ramamurthy is not yet entitled to an expunction of records related to his arrest on or about May 2, 2008 because the statute of limitations on the underlying offense had not expired before the petition for expunction was filed; (2) Under TEX. CODE CRIM. PROC. art. 12.01(6), the statute of limitations for Possession with Intent to Deliver a Controlled Substance is three years from the date of the commission of the offense, which period, in the instant case, will not expire until at least May 2, 2011; and (3) in order to comply with TEX. CODE CRIM. PROC. art 55.01(a)(2)(A)(i), Ramamurthy must wait until the statute of limitations has expired before he files a petition for expunction of records related to the instant arrest. In accordance with the agreement of the parties, costs are taxed against the party incurring same. *See* TEX. R. APP. P. 42.1(d).

PER CURIAM

Delivered and filed
the 11th day of March, 2010.

2